IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ASSORTED DRUG PARAPHERNALIA,

    Defendant-in-Rem,

and

GARLAN PLUMLEE and LOOKINGGLASS
GIFTS & NOVELTIES, LLC,

    Claimants.

CIV 16-1310 KBM/CG

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the United States' Motion to Strike Affidavit of Wes Golden (*Doc. 73*), filed April 27, 2018, Claimants' Opposed Motion to Extend the Discovery Deadline and the Discovery Motions Deadline (*Doc. 80*), filed May 5, 2018, and Claimants' Opposed Motion to Strike the Declarations of Joseph Gelinas, Thomas D. Novicki, and Matthew C. Monte (*Doc. 89*), filed May 30, 2018. Having reviewed the parties' submissions and all pertinent authority, the Court grants United States' Motion to Strike (*Doc. 73*) and denies Claimants' Motion to Extend Discovery (*Doc. 80*) and Motion to Strike Declarations (*Doc. 89*).

I.     **BACKGROUND**

This *in rem* forfeiture case surrounds a dispute whether seized items are drug paraphernalia subject to forfeiture or if they fall under the tobacco exception. The United

1

States filed its Complaint for Forfeiture *in rem* on November 20, 2016. *Doc. 1*. After some discovery (*see Docs. 19, 20, 23*), the United States filed a Motion for Summary Judgment on August 4, 2017 (*Doc. 25*). Along with that Motion, the United States filed a 10-page "Notice of Intent to Offer Expert Testimony" ("Notice") identifying as its expert witnesses Joseph Gelinas (Special Agent, Drug Enforcement Administration (DEA)), Thomas D. Novicki (Task Force Officer, DEA), and Matthew C. Monte (Owner and Manager, Monte's Fine Cigars).

In response, Claimants filed two declarations, pursuant to Federal Rule of Civil Procedure 56(d), requesting additional time for discovery before responding to the summary judgment motion. *Docs. 27, 31*. After briefing the scope of requested discovery, the Honorable Carmen E. Garza entered a Rule 56(d) Scheduling Order with the following provisions:

- Scope of additional discovery was limited "to whether or not the seized items are drug paraphernalia as defined by 18 U.S.C. § 8(d) or qualify as tobacco products under 21 U.S.C. § 863(f)(2)."

- Claimants had 90 days "to obtain declarations, affidavits, and otherwise take discovery necessary to respond to Plaintiff's Motion for Summary Judgment," with all discovery complete by April 10, 2017.[1]

- Claimants could "depose Plaintiff's experts witnesses: Joseph Gelinas, Thomas D. Novicki, Matthew C. Monte, and Amber West," and they had "45 days after deposing Plaintiff's experts to name their own expert on tobacco products."

*Doc. 68* at 7. For the sake of judicial efficiency, this Court denied the pending Motion for Summary Judgment without prejudice, allowing the United States to refile its motion by May 1, 2018, after completion of the Rule 56(d) discovery. *Doc. 70*.

---

[1] In context, this date was clearly a typographical error, and it was corrected by this Court's Order Denying Summary Judgment without Prejudice and Amending the Rule 56(d) Scheduling Order *(Doc. 70)* to April 10, <u>2018</u>.

The United States thereafter filed its Second Motion for Summary Judgment on April 10, 2018. *Doc. 71*. As part of the motion, the United States included declarations pursuant to 28 U.S.C. § 1746 from its government experts, Joseph Gelinas (*Doc. 71-1*) and Thomas D. Novicki (*Doc. 71-3*), as well as affidavit of its retained expert Matthew C. Monte (*Doc. 71-4*). Included with Claimants' response to the Second Motion for Summary Judgment was an affidavit from their retained expert, Wes Golden. *Doc. 72*.

Against this backdrop, the United States now seeks to strike Wes Golden's affidavit from Claimants' response because "Claimants failed to disclose Wes Golden as an expert witness during the period allotted for discovery." *Doc. 73* at 1. Claimants seek to extend the Rule 56(d) Scheduling Order's deadlines in order to allow them "to properly disclose their expert [Wes Golden] and to allow the government the opportunity to depose Claimants' expert." *Doc. 80*, ¶ 4. Finally, Claimants seek to strike the affidavit and declarations attached to the United States' Second Motion for Summary Judgment on the asserted ground that the United States did not provide Claimants with an expert report from Mr. Gelinas, Mr. Novicki, or Mr. Monte. *Doc. 89* at 2.

**II.     ANALYSIS**

    **a. The United States' Motion to Strike and Claimants' Motion to Extend Discovery**

With regard to expert testimony, Rule 26(a)(2) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). "[T]his disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specifically employed to provide expert testimony in the case . . . ." Fed. R. Civ. P 26(a)(2)(B). "A party must make these

3

disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, the Court entered a Rule 56(d) Scheduling Order, requiring that all discovery be completed by April 10, 2018 – a 90-day track from the entry of the Scheduling Order. *Doc. 68* at 7. Within those 90 days, Claimants had 45 days after deposing the United States' experts to name their own expert on tobacco products. *Doc. 68* at 7. Apparently, Claimants opted not to depose any of the experts identified by the United States.

Moreover, Claimants did not disclose Mr. Golden as their expert or provide the United States with a written report by April 10, 2018. Indeed, their first mention of Mr. Golden came in their response to the Second Motion for Summary Judgment, filed April 24, 2018. See *Doc. 72*. Claimants nevertheless argue that they were not required to disclose experts by April 10, 2018 because the Scheduling Order allowed them 45 days after deposing the United States' experts to name their own expert. Claimants assert that because those "depositions have not occurred," Claimants "have not committed a Rule 26(a) violation." *Doc. 83* at 3. Simply put, the Court disagrees. Read in context, the Scheduling Order required all discovery, which necessarily would include expert disclosures, to be completed by the April 10, 2018 deadline. Claimants' failure to depose the United States' experts did not give them an indefinite extension to name their own expert. Clearly, Claimants failed to disclose their expert, Mr. Golden, within the time required by Rule 26 and the Court's Scheduling Order.

In an attempt to remedy their failure to disclose their expert, Claimants request that the Court now extend the discovery deadline "in order to allow Claimants to properly disclose their expert and to allow the government the opportunity to depose

Claimants' expert."[2] *Doc. 80*, ¶ 4. A court's scheduling order may be modified "only for good cause and with the judge's consent."[3] Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Walker v. THI of N.M. at Hobbs Ctr.*, 262 F.R.D. 599, 603 (D.N.M. 2009) (citing Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment).

Here, Claimants have not shown good cause to justify extending the Scheduling Order. Claimants claim that "due to extenuating circumstances, undersigned counsel was unable to timely locate an expert." *Doc. 80*, ¶ 2. However, they do not explain what those extenuating circumstances were or how they were diligent in attempting to find an expert to meet the Court's deadline. To the contrary, during a hearing before Judge Molzen on November 30, 2017 (well before the deadline), Claimants' counsel indicated that he had already retained an expert in the tobacco industry. *See Doc. 64* at 2. Claimants offer no clarification and thus fail to show good cause to extend even more

---

[2] After filing their Opposed Motion to Extend the Discovery Deadline and the Discovery Motions Deadline (*Doc. 80*), Claimants filed a Notice of Completion of Briefing, noting that the United States did not file a response (*Doc. 87*). The United States did in fact file a timely response (*Doc. 84*), as it explained in the Corrected Notice of Completion of Briefing (*Doc. 88*).

[3] Statutory Penalty Actions are excluded from the Rule 16 Scheduling Order requirement. D.N.M.LR-Civ. 16.3(e). Accordingly, the Court in this action did not issue a Rule 16 Scheduling Order. However, as discussed, it did issue a Scheduling Order under Rule 56(d).

time to disclose an expert when they were not diligent during the 90 days the Court already provided to them. Claimants' motion therefore will be denied.

The Court must next determine if it should strike Mr. Golden's affidavit from Claimants' Response to the Second Motion for Summary Judgment. Federal Rule of Civil Procedure 37(c)(1) mandates that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted). However, the court should consider four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

In this case, Factor One – prejudice or surprise – weighs in favor of striking Mr. Golden's affidavit. Although the United States knew that Claimants intended to offer a tobacco expert (*Doc. 48* at 1), Claimants did not disclose either the identity of that expert nor the content of his opinion until after discovery closed and after the United States had filed its second motion for summary judgment. As such, the United States had to re-file its motion for summary judgment without the benefit of reviewing the opinion of Claimants' expert. The Court's consideration of Mr. Golden's previously

undisclosed opinions in response to the Second Motion for Summary Judgment therefore would prejudice the United States.

Factor Two also weighs in favor of striking Mr. Golden's affidavit, while Factor Three favors neither party's position. Introducing Mr. Golden's opinions would not disrupt the trial, because there currently is no trial setting. Claimants could therefore potentially cure the prejudice if they had additional time in which to disclose Mr. Golden as an expert, provide the United States with a written report, and allow the United States to depose him. However, the Court already gave Claimants that opportunity. When Claimants argued that they needed more time for discovery in order to respond to the United States' first Motion for Summary Judgment, Judge Garza granted Claimants 90 days "to obtain declarations, affidavits, and otherwise take discovery necessary to respond to Plaintiff's Motion for Summary Judgment," including naming their own expert on tobacco products after deposing the United States' experts. *Doc. 68* at 7. Allowing Claimants even more time to disclose their expert would, once again, require the summary judgment process to start anew. Such an extension is unwarranted given that Claimants wasted the additional time they were previously given.

Finally, Factor Four weighs slightly in favor of striking Mr. Golden's affidavit. While it is not clear if Claimants acted in bad faith, they disregarded the very clear Scheduling Order that Judge Garza entered at their request. And even if "extenuating circumstances" caused their failure to meet the deadlines, Claimants did not seek an extension of those deadlines before they passed, but only after. Considering all four factors, the Court finds that Claimants' failure to disclose their expert witness within the time required by Rule 26(a) and the Court's Scheduling Order is not substantially

justified or harmless. Accordingly, the Court will strike Mr. Golden's affidavit from Claimants' response to the Second Motion for Summary Judgment (*Doc. 72-1*).

### b. Claimants' Motion to Strike

In addition to disclosing the identity of an expert witness, Rule 26(a)(2) requires that the disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Specifically, where a report is required, it must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* On the other hand, "[i]f the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

As mentioned above, on August 4, 2017, the United States filed a Notice providing information on its identified experts Joseph Gelinas, Thomas Novicki, and Matthew Monte. *Doc. 24*. The United States also provided Claimants with declarations prepared by each expert and attached those declarations to its original Motion for

Summary Judgment filed the same day. *Doc. 25*. After the Court allowed additional Rule 56(d) discovery, the United States filed its Second Motion for Summary Judgment, again attaching the same declarations of its experts. *Doc. 71*. Claimants seek to strike those declarations on the theory that the United States has not provided them with required expert reports pursuant to Rule 26(a). *Doc. 89* at 2. Claimants also assert that "the United States has not disclosed any documents in discovery that provides the substance, or any sufficient details of its expert testimony." *Doc. 89* at 3.

As an initial matter, Claimants' Motion to Strike is untimely. The Scheduling Order required that discovery motions be filed by May 1, 2018, but Claimants' motion was not filed until May 30, 2018. *Docs. 68, 89*. Claimants argue that their motion is not a discovery motion, but a motion addressing the declarations attached to the Motion for Summary Judgment. *Doc. 91* at 2. Yet, Claimants have had those declarations since August 4, 2017, and only now attack them as insufficient disclosures under discovery Rule 26. Therefore, Claimants should have filed this motion by May 1, 2018. *See Vondrak v. City of Las Cruces*, 671 F. Supp. 2d 1239, 1245 (D.N.M. 2009) (finding a motion to limit testimony for faulty Rule 26 disclosures to be a belated discovery motion).

Even if the Court looks past the untimeliness of Claimants' motion and considers the merits, Claimants' motion fails because the United States did comply with its disclosure obligations for all three experts as required by Rule 26(a)(2)(B).[4] The

---

[4] Joseph Gelinas and Thomas Novicki are DEA agents who "provided expert opinions in this matter during the course of their investigation," and not as witnesses retained by the United States or as United States' employees whose duty regularly involves giving expert testimony. *Doc. 90* at 6. As such, the United States may not have even needed to provide a written report under Rule 26(a)(2)(B), but only meet the lesser requirements of Rule 26(a)(2)(C). Assuming the United States did need to provide a written report, it properly did so.

declarations and Notice may not have been the "typical documentations for an expert report," (*Doc. 91* at 5), but they provided all the required information to Claimants well before the discovery deadline. The Notice and the declarations contained a complete statement of the experts' opinions and the reasons for those opinions. *See Docs. 71-1, 71-3, 71-4, 24* at 2, 6, 7; *see also* Fed. R. Civ. P. 26(a)(2)(B)(i). The declarations listed all the facts considered by the experts and made reference to the photos, attached as exhibits to the Motion for Summary Judgment, which they reviewed. *See Docs. 71-1, 71-3, 71-4*; *see also* Fed. R. Civ. P. 26(a)(2)(B)(ii), (iii).

Claimants also argue that the declarations and Notice were insufficient because they failed to list the experts' publications, other cases in which they have testified, and their compensation. To the contrary, the declarations and Notice listed the experts' qualifications (*Docs. 71-1* at 1-2, *71-3* at 1-2, *71-4* at 1, *24* at 2-6), which for these DEA agents and a tobacconist do not include publications. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv). The Notice, signed by Counsel subject to Rule 11 sanctions for inaccurate representations, explained that none of the experts has testified as expert witnesses previously. *See Doc. 24* at 3, 5, 6; *see also* Fed. R. Civ. P. 26(a)(2)(B) (v)). Finally, the Notice does indeed list the compensation for Mr. Monte, the only hired expert (*Doc. 24* at 6-7), as Mr. Gelinas and Mr. Novicki provided expert opinions in the course of their official duties as DEA agents (*see Doc. 90* at 6). *See* Fed. R. Civ. P. 26(a)(2)(B)(vi).

The declarations and the Notice clearly meet the requirements of Rule 26(a)(2)(B) and reflect the substance of the experts' testimony. *See* Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment ("[T]he report, which is intended to set forth the substance of the direct examination, should be written in a manner that

reflects the testimony to be given by the witness and it must be signed by the witness."). In fact, the declarations provided to Claimants are the exact same declarations that the United States used in both its first and second Motion for Summary Judgment, thereby giving Claimants not just an idea what the experts would testify to, but their exact opinions.

Finally, Claimants contend that "[n]one of the declarations explicitly demonstrate that they were prepared by any expert witness." *Doc. 91* at 4. However, this argument fails as each declaration is a statement by the expert, declared under penalty of perjury, and signed by the expert. *Docs. 71-1, 71-3, 71-4*. Because the United States properly disclosed their experts and provided written reports meeting all the requirements of Rule 26(a)(2)(B), the Court will deny Claimants' Motion to Strike.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) The United States' Motion to Strike Affidavit of Wes Golden (*Doc. 73*) is **granted**;

(2) Claimants' Opposed Motion to Extend the Discovery Deadline and the Discovery Motions Deadline (*Doc. 80*) is **denied**; and

(3) Claimants' Opposed Motion to Strike the Declarations of Joseph Gelinas, Thomas D. Novicki, and Matthew C. Monte (*Doc. 89*) is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent