IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                                 CIV 16-1310 KBM/CG

ASSORTED DRUG PARAPHERNALIA,

      Defendant-in-Rem,

and

GARLAN PLUMLEE and LOOKINGGLASS
GIFTS & NOVELTIES, LLC,

      Claimants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER comes before the Court on the United States' Second Motion for Summary Judgment (*Doc.* 71), filed April 10, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Doc. 59.* Having considered the parties' arguments, exhibits and all relevant authority, the Court will grant the United States' Second Motion for Summary Judgment.

    **I.**      **PROCEDURAL POSTURE**

This forfeiture *in rem* case involves a dispute over whether seized items are drug paraphernalia or fall under the tobacco exception. On July 12, 2016, agents from the Drug Enforcement Administration ("DEA"), Eddy County Sheriff's Office, and the Lea

County Drug Task Force executed a federal search warrant at LookingGlass Gifts & Novelties, LLC ("LookingGlass") in Artesia, New Mexico. Undisputed Material Facts 2, 3 ("UMF 2,3"). Agents seized a large number of assorted smoking instruments, scales, grinders, containers with hide compartments, and roach clips. UMF 8; s*ee also* Appendix 1 (attached). Garlan Plumlee ("Plumlee") is the owner and operator of the LookingGlass establishment. UMF 1.

The United States then filed this Complaint for Forfeiture *in rem* on November 20, 2016 against Defendant Assorted Drug Paraphernalia. *Doc. 1*. Defendant Assorted Drug Paraphernalia refers to all items seized from LookingGlass on July 12, 2016, except four assorted smoking instruments that the Court dismissed following an unopposed motion. *Docs. 18, 21; see also* UMF 17. Plumlee and LookingGlass ("Claimants") filed a verified claim and statement of interest to the property (*Doc. 15*). The Court previously granted partial default judgment as to any other unknown claimants (*Docs. 81, 82*).

After some discovery (*see Docs. 19, 20, 23*), the United States filed its first Motion for Summary Judgment on August 4, 2017 (*Doc. 25*). In response, Claimants filed two declarations pursuant to Federal Rule of Civil Procedure 56(d), requesting additional time for discovery before responding to the motion. *Docs. 27, 31*. The Honorable Carmen Garza granted Claimants' request (*Doc. 68*), and, for the sake of judicial efficiency, the Court denied the pending Motion for Summary Judgment without prejudice, allowing the United States to refile its motion after completing Rule 56(d) discovery (*Doc. 70*).

The United States filed its Second Motion for Summary Judgment on April 10, 2017. *Doc. 71*. As part of the motion, the United States included affidavits from its experts, Joseph Gelinas (*Doc. 71-1*), Thomas D. Novicki (*Doc. 71-3*), and Matthew C. Monte (*Doc. 71-4*). In Claimants' response to the Second Motion for Summary Judgment, Claimants included an affidavit from their expert, Wes Golden *(Doc. 72)*. The parties then filed cross-motions to strike the submitted affidavits. *Docs. 73, 89*. After review, the Court denied Claimants' Motion to strike the affidavits of Joseph Gelinas, Thomas D. Novicki, and Matthew C. Monte. *Doc. 94*. However, the Court granted the United States' Motion and struck Wes Golden's affidavit because Claimants did not disclose their expert in a timely manner. *Id.*

## II.     SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). The burden then shifts "to the nonmoving party to show that there is a genuine issue of material fact." *Bacchus Indus., Inc., v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Both the movant and the party opposing summary judgment are obligated to "cit[e] to particular parts of materials in the record" to support their factual positions. Fed. R. Civ. P. 56(c)(1)(A). In this district, "[a]ll material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted." D.N.M.LR-Civ. 56.1(b).

A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A mere scintilla of evidence in the non-movant's favor is not sufficient. *Anderson*, 477 U.S. at 252. "When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Hartwell v. Sw. Cheese Co., L.L.C.*, No. CV 15-1103 JAP/GJF, 2017 WL 944125, at *2 (D.N.M. Jan. 23, 2017). "Summary judgment is not 'a disfavored procedural shortcut but rather [it is] an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.'" *Garcia v. Vilsack*, 628 F. Supp. 2d 1306, 1308-09 (D.N.M. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

### III. FORFEITURE STANDARD

Claimants assert that the Government's burden is to show probable cause that the property subject to forfeiture was involved in criminal activity. *Doc. 72* at 4 (citing *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir. 1986)). However,

> [t]he Civil Asset Forfeiture Reform Act of 2000 change[d] the government's initial burden of proof. Pursuant to 18 U.S.C. § 983(c)(1), the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."

*United States v. Wagoner Cty. Real Estate*, 278 F.3d 1091, 1097 n.5 (10th Cir. 2002) (quoting 18 U.S.C. § 983(c)(1)).

Plaintiff maintains that the seized items constitute drug paraphernalia subject to forfeiture pursuant to 21 U.S.C. § 881(a)(10) which provides that "[a]ny

4

drug paraphernalia (as defined in 21 U.S.C. § 863)" is "subject to forfeiture to the United States and no property right shall exist in them."

Section 863 lists fifteen items that constitute *per se* drug paraphernalia:

> (1) metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls; (2) water pipes; (3) carburetion tubes and devices; (4) smoking and carburetion masks; (5) roach clips: meaning objects used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand; (6) miniature spoons with level capacities for one-tenth cubic centimeter or less; (7) chamber pipes; (8) carburetor pipes; (9) electric pipes; (10) air-driven pipes; (11) chillums; (12) bongs; (13) ice pipes or chillers; (14) wired cigarette papers; or (15) cocaine freebase kits.

21 U.S.C. § 863(d)(1)-(15). Section 863 further defines drug paraphernalia as

> any equipment, product, or material of any kind which is ***primarily intended or designed for use*** in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under this subchapter. It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish oil, PCP, methamphetamine, or amphetamines in the human body . . . ,

21 U.S.C. § 863(d) (emphasis added).

The Supreme Court in *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513 (1994), found that the listing of *per se* drug paraphernalia items "provides individuals and law enforcement officers with relatively clear guidelines as to prohibited conduct." *Id.* at 525. The Court then explored objective factors for use in assessing whether items may be "primarily intended or designed for use" with a controlled substance under Section 863.[1] First, whether an item is primarily intended for use with a controlled

---

[1] *Posters* discusses 21 U.S.C. § 857, not Section 863. However, "[i]n 1990, Congress repealed § 857 and replaced it with 21 U.S.C. § 863. The language of § 863 is identical to that of former § 857 except in the general description of the offense." *Posters*, 511 U.S. at 516 n.5 & 6. The Court will, therefore, continue to reference Section 863, even when discussing *Posters*.

5

substance depends on "a product's likely use rather than the [the seller's] state of mind." *Id.* at 519. This objective standard can take into account the circumstances of an item's display and sale. *Id.* at 521 & n.11 ("[W]hile scales or razor blades as a general class may not be designed specifically for use with drugs, a subset of those items in a particular store may be 'primarily intended' for the use with drugs by virtue of the circumstances of their display and sale."). Second, an item is designed for use with a controlled substance "if it 'is principally used with illegal drugs by virtue of its objective features, *i.e.,* features designed by the manufacturer.'" *Id.* at 518 (citing *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 501 (1982)). This objective standard does not consider "the knowledge or intent of one who sells" the item. *Id.*

Section 863(e) also lists eight factors, "in addition to all other logically relevant factors," that may be considered in "[i]n determining whether an item constitutes drug paraphernalia." 21 U.S.C § 863(e). The factors "focus on the actual use of the item in the community," *Posters*, 511 U.S. at 519-20, and include, for example, the manner in which the item is displayed for sale and expert testimony concerning its use, 21 U.S.C. § 863(e)(4), (8).

Section 863(f)(2) of Title 21 sets forth an exception to forfeiture for items that are "traditionally intended for use with tobacco products." 21 U.S.C. § 863(f)(2) (excluding "any item that, in the normal lawful course of business, is imported, exported, transported, or sold through the mail or by any other means, and traditionally intended for use with tobacco products, including any pipe, paper, or accessory"). Traditional use again is an objective standard "not based on the subjective intent of a particular [seller]." *Posters*, 511 U.S. at 520-21.

## IV. ANALYSIS

In support of its position that the items seized here[2] are drug paraphernalia subject to forfeiture, the United States submits an affidavit from its expert, Thomas D. Novicki, an officer with the Albuquerque Police Department currently assigned to a Task Force with the Drug Enforcement Administration ("DEA"). Officer Novicki identifies the seized items pictured in the Exhibits attached to the Second Motion for Summary Judgment as:

- smoking instruments, including bongs and glass, plastic, wood, and metal pipes (*Doc. 71-3*, ¶¶ 14, 16-18, 20-79);

- roach clips (*Doc. 71-3*, ¶ 81);

- heat rods, which are designed to cause marijuana to combust and vaporize from heat, allowing the smoke or vapor to be inhaled (*Doc. 71-3*, ¶¶ 15-16, 27, 50, 63, 69);

- concealment containers, which are designed to look like household items but have removable tops or bottoms for storage (*Doc. 71-3*, ¶ 82);

- marijuana grinders (*Doc. 71-3*, ¶ 84); and

- scales used to weigh controlled substances (*Doc. 71-3*, ¶ 83).

Officer Novicki explains the likely use of each item and their objective characteristics to conclude that all are primarily intended and designed for use with a controlled substance. *See Doc. 71-3*, ¶¶ 9-84.

The United States also presents an affidavit from Joseph Gelinas, a DEA agent who participated in executing the search warrant at LookingGlass. *Doc. 71-1*, ¶¶ 1, 8. Agent Gelinas recalls that the seized items were "displayed in close proximity to other

---

[2] "Seized items" refers to the items constituting Defendant Assorted Drug Paraphernalia and does not refer to the four assorted smoking instruments which were initially seized with the other items, but were later dismissed from this case.

drug paraphernalia and in close proximity to decorative items related to drug culture." *Id.* ¶¶ 47-51.

Finally, the United States offers an affidavit of its tobacconist expert Matthew C. Monte, the owner and manager of Monte's Fine Cigars in Albuquerque. Mr. Monte outlines traditional tobacco products and opines that the design characteristics of the seized smoking instruments "are inconsistent with the design characteristics and shapes of pipes that are traditionally used with tobacco." *Doc. 71-4*, ¶ 16. He also opines that the seized roach clips, concealment containers, scales, and grinders are not items traditionally used or associated with tobacco products. *Id.* ¶¶ 20-22.

Claimants dispute this contention and maintain that the seized items fall under the tobacco exception and are therefore not subject to forfeiture. In support, they present an affidavit from their expert Wes Golden, a co-owner of Imbibe Bar and Cigar Shop in Albuquerque. However, the Court previously struck the Affidavit of Wes Golden because "Claimants' failure to disclose their expert witness within the time required by Rule 26(a) and the Court's Scheduling Order [was] not substantially justified or harmless." *Doc. 94* at 7-8. Claimants have offered no other evidence to produce a genuine issue of material fact precluding summary judgment.

Based on the undisputed affidavits presented by the United States, the Court agrees that the seized items constitute drug paraphernalia as defined in Section 863. The seized assorted smoking instruments and roach clips appear to be per se drug paraphernalia. *See* 21 U.S.C. § 863(d)(1)-(5), (7)-(12). Additionally, the United States has shown by a preponderance of evidence, based on expert testimony and the manner in which the seized items were displayed for sale in the LookingGlass store, that all the

items were primarily intended or designed for use with controlled substances. *See* 21 U.S.C. § 863(e)(4), (8). Finally, based on undisputed expert testimony, the United States has shown that the seized items do not fall within the tobacco exception.

Wherefore,

IT IS HEREBY ORDERED that the United States' Second Motion for Summary Judgment (*Doc. 71*) is **granted**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent